UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK FOORMAN,

    Plaintiff,                                         Case No. 1:12-cv-927

v.                                                         HON. JANET T. NEFF

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff Rick Foorman commenced this action against Defendant Liberty Life Assurance Company of Boston under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*, alleging that Defendant improperly denied him long-term disability insurance benefits. Now pending before the Court are the parties' briefs as to the applicable standard of review of Defendant's benefits decision (Dkts 39-42, as supplemented by Dkts 46-50, 54). Defendant contends that this case is subject to the "arbitrary and capricious" standard of review, whereas Plaintiff contends that the standard of review is "de novo." For the reasons that follow, the Court concludes that the Policy's discretionary review provision dictates application of the "arbitrary and capricious" standard of review in this case.

I

Plaintiff is employed by Comcast Corporation (Comcast), a company incorporated in Pennsylvania with its corporate offices in Pennsylvania. Plaintiff, a Michigan resident, worked for Comcast as a Communications Technician in Ingham County, Michigan. Comcast contracted with

Defendant, a New Hampshire corporation, to provide long-term disability insurance to its employees through a Group Disability Income Policy (the Policy), No. GF3-830-502315-01, effective June 1, 2005 (Monroe Decl., Ex. A at LL-0001 [Dkt 39-1 at 5]). The Policy provides that the "Governing Jurisdiction is Pennsylvania" and that the Policy is "subject to the laws of that State" (*id.*). Further, the Policy indicates that it is "delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by [ERISA]" (*id.*). Last, the Policy delegates to Defendant "the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder" (*id.* at LL-0045 [Dkt 39-1 at 49]).

## II

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "[A]pplication of the highly deferential arbitrary and capricious standard of review is appropriate only when the plan grants the administrator authority to determine eligibility for benefits or to construe the terms of the plan." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). Here, then, where the parties do not dispute that the Policy delegates to Defendant the discretionary authority to make benefit determinations under the Policy, it appears that the proper standard of review is arbitrary and capricious, as Defendant advocates.

Plaintiff, however, argues that Michigan's administrative rules compel this Court to review the decision de novo, even though the Policy contains a choice of law provision in favor of Pennsylvania. Specifically, Plaintiff seeks application of MICH. ADMIN. CODE R. 500.2202(c), which provides in pertinent part that "[o]n or after [July 1, 2007], a discretionary clause issued or

delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document is void and of no effect." *Cf. American Council of Life Insurers v. Ross*, 558 F.3d 600, 609 (6th Cir. 2009) (deciding that the Michigan rules fall within the ambit of ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A), and are not preempted by that statute).

Defendant argues that even if Michigan law applies in this case, the rule upon which Plaintiff relies is, on its face, inapplicable here where the Policy was not "issued or delivered" in Michigan. Defendant asserts that it did not issue or deliver any certificates of insurance for the Policy to anyone in Michigan, including Plaintiff (Dkt 46 at 4-5). According to Defendant, it delivered the policy to Comcast in Pennsylvania, a state that does not have a similar ban on discretionary clauses (Dkt 39 at 9). Defendant also asserts that the discussions that preceded the Policy's issuance took place in Pennsylvania, Massachusetts and New Hampshire, not Michigan (Dkt 46 at 4-5).

Plaintiff does not specifically respond to Defendant's arguments that the Policy was not "issued or delivered" in Michigan. Rather, Plaintiff maintains that Defendant availed itself of Michigan law by filing its Certificate of Authority and policy with Michigan's OFIS as required by MICH. COMP. LAWS § 500.402, and by additionally recognizing through internal documentation that discretionary clauses in Michigan are unenforceable pursuant to Michigan's rules (Dkt 47 at 6-7).

The Court is not persuaded by Plaintiff's arguments.

Michigan's Insurance Code instructs that "[n]o person shall transact an insurance or surety business in Michigan, or relative to a subject resident, located, or to be performed in Michigan, without complying with the applicable provisions of this code." MICH. COMP. LAWS § 500.120. "Transactions of insurance" include "[t]he collection of premiums, membership fees, assessments, or other consideration for insurance contracts" from Michigan residents. MICH. COMP. LAWS

§ 500.402a(c). However, a "[t]ransaction of group or blanket insurance ... in which a master policy was lawfully issued to an employer located in another state for the benefit of employees residing in this state," MICH. COMP. LAWS § 500.402b(d), or a "[t]ransaction of insurance independently procured through negotiations occurring entirely outside of this state," § 500.402b(g), are not "transactions of insurance" for purposes of applying Michigan law. Moreover, like the "issued or delivered" qualification in MICH. ADMIN. CODE R. 500.2202(c), the requirement that an insurer file its policy with the insurance bureau for approval by the commissioner is similarly limited to insurance policy forms and annuity contract forms that are "issued or delivered" to any person in Michigan. MICH. COMP. LAWS § 500.2236(1). *See also* MICH. ADMIN. CODE R. 500.2201(e) (providing that the terms defined in Michigan's Insurance Code "have the same meanings when used in these rules").

In *New England Mut. Life Ins. Co. v. Gray*, 786 F.2d 406, 407 (6th Cir. 1986), the insurance company issued a group health insurance policy covering employees of a company headquartered in Minnesota. The policy provided that the "jurisdiction of issue" was the state of Minnesota and that the policy was "delivered in the Jurisdiction of Issue, and is governed by the laws of that jurisdiction." *Id.* Dennis Gray, a Michigan resident employed at the Minnesota company's plant in Michigan, was covered by the group policy and received a "certificate of insurance" in Michigan, although he had not received a copy of the group policy. *Id.* The Sixth Circuit Court of Appeals held that the insurance company did not "issue or deliver" its group policy in Michigan within the meaning of Michigan's Insurance Code. *Id.* at 409. Consequently, the Sixth Circuit held that the coordination of benefits sections of Michigan's Insurance Code did not apply to the out-of-state issued group policy covering the employer's Michigan employees. *Id.* The Court held that the

Michigan provisions were implicitly limited to policies issued or delivered in Michigan and did not apply to a group policy issued and delivered in Minnesota. *Id.* The Sixth Circuit observed that "[t]here may be valid reasons for applying the approval requirement of section 500.3606 to group disability insurance policies issued outside Michigan when some of the beneficiaries of those policies reside in Michigan. However, the Michigan legislature and courts have not extended the approval requirement to out-of-state-issued policies...." *Id.*

Similarly, in *Spray v. UNUM Life Ins. Co. of Am.*, 749 F. Supp. 800, 801 (W.D. Mich. 1989), the insurance company, a New York corporation, issued a group disability insurance policy covering the employees and sales representatives of a Tennessee company and its subsidiaries. The terms of the policy were negotiated between the insurer and the Tennessee company. *Id.* at 805. The insurer sold and delivered the policy to the Tennessee company, not the employee. *Id.* The disability insurance policy provided that Tennessee law applied. *Id.* Relying on *New England*, the district court held that "Michigan law does not properly apply to this insurance policy." *Id.*

Here, too, the Court is not convinced that Michigan's ban on discretionary clauses applies to the Policy in this case. Plaintiff has not effectively demonstrated that either Defendant's transaction of group insurance with Comcast, in which the master policy was lawfully issued to Comcast, an employer located in Pennsylvania, MICH. COMP. LAWS § 500.402b(d), or Defendant's transaction of insurance independently procured through negotiations occurring entirely outside of Michigan, § 500.402b(g), are "transactions of insurance" for purposes of applying Michigan law. Moreover, Plaintiff has not effectively demonstrated that the Policy was "issued or delivered" in Michigan. Plaintiff's parsing of favorable statements from Defendant's internal memoranda does not persuade the Court of a different conclusion. Further, whether Defendant signed a certificate

of authority subjecting itself to Michigan's Insurance Code and other Michigan laws and regulations is not outcome determinative. Indeed, Defendant indicates that it removed discretionary review clauses from the policy forms that it issues and delivers to persons and entities in Michigan (Dkt 54 at 2).

Nor does Plaintiff's conflict-of-law analysis compel a different result. "In determining which state's law applies in an ERISA case, this court's 'analysis is governed by the choice of law principles derived from federal common law.'" *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006) (quoting *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 570 (6th Cir. 2001)). Under those rules, choice-of-law provisions in an ERISA plan that prefer one state's laws over another generally will be honored, unless an overriding policy consideration requires a different choice. *Id.* (citing Restatement (Second) of Conflict of Laws § 187 (1971)). Hence, in *New England,* where the Sixth Circuit held that Michigan's Insurance Code did not govern the coordination of benefits question before it, the Sixth Circuit further determined that "it cannot be said that Michigan statutory law embodies a statement of public policy that would be violated by enforcing the reimbursement provision as interpreted under Minnesota law." 786 F.2d at 411.

Likewise, where Michigan's ban on discretionary clauses is limited to policies "issued or delivered" in Michigan, it cannot be said that Michigan law embodies a statement of public policy that would be violated by enforcing this Policy's discretionary review provision, as interpreted by Pennsylvania law. *See, e.g., Grimmett v. Anthem Ins. Cos., Inc.*, No. 2:11-cv-12623, 2012 WL 4477218, at *9 (E.D. Mich. Sept. 27, 2012) (finding the parties' Indiana choice-of-law provision applied, rendering MICH. ADMIN. CODE R. 500.2201–02 inapplicable).

In sum, the Court concludes that the Policy's discretionary review provision dictates application of the "arbitrary and capricious" standard of review in this case. Accordingly:

**IT IS HEREBY ORDERED** that Defendant's request for an arbitrary and capricious standard of review is GRANTED.


Dated: May  3 , 2013                          /s/ Janet T. Neff
                                                                                     JANET T. NEFF
                                                                                      United States District Judge